Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RAMON MARTINEZ RAMOS, | Case No.:  22 CV 4746 |
| Plaintiff, | **COMPLAINT**<br>**FLSA ACTION** |
| -against- | |
| AMAZING DEAL OF GRAND, INC., d/b/a<br>99 CENTS PLAZA, and JIAN REN CHEN, | ECF Case |
| Defendants. | |

---

Plaintiff, Ramon Martinez Ramos (herein, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Amazing Deal of Grand, Inc., d/b/a 99 Cents Plaza, or any other business entity doing business as 99 Cents Plaza, located at 2256 Grand Concourse, Bronx, New York 10457, and Jian Ren Chen, (collectively, "the Defendants"), and states as follows:

**INTRODUCTION**

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), that he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law, that he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Bronx County, New York.

6.      Upon information and belief, Defendant, Amazing Deal of Grand, Inc., d/b/a 99 Cents Plaza, is a business entity organized and existing under the laws of the State of New York, with a principal place of business at 2256 Grand Concourse, Bronx, New York 10457.

7.      Upon information and belief, Defendant, Jian Ren Chen, is the owner, officer, director and/or managing agent of Amazing Deal of Grand, Inc., d/b/a 99 Cents Plaza, (hereinafter referred to as "99 Cents Plaza"), whose address is unknown at this time, and who participated in the day-to-day operations of 99 Cents Plaza and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §

203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 99 Cents Plaza.

8.      Upon information and belief, the defendant Amazing Deal of Grand, Inc., is a successor company to Lu Holiday, Inc., owned and operated through the same individual or corporate management.

9.      Upon information and belief, defendant Amazing Deal of Grand, Inc., which was formed in or around 2020, is a successor company to Lu Holiday, Inc., or other corporate entities, doing business as 99 Cents Plaza, located at 2256 Grand Concourse, Bronx, New York.

10.      Upon information and belief, as successor, defendant Amazing Deal of Grand, Inc., acquired and has continued, without interruption or substantial change, the business operations of the predecessor, and is liable for the debts and liabilities of its predecessor.

11.      Plaintiff, Ramon Martinez Ramos, was employed by Defendants in Bronx County, New York, as a general helper and stock person / cleaner, at Defendants' retail store, during approximately thirteen (13) years, from on or around May 2009, through on or about May 15, 2022.

12.      At all relevant times, 99 Cents Plaza was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13.      At all relevant times, the work performed by Plaintiff was and is directly essential to the business operated by the Defendants.

14.     At all relevant times, Defendants have knowingly and willfully failed to pay Plaintiff lawfully earned minimum wages and overtime compensation in contravention of the FLSA and New York Labor Law.

15.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

16.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17.     In or about May 2009, Plaintiff, Ramon Martinez Ramos, was hired by Defendants to work as a general associate / helper at Defendants' store known as "99 Cents Plaza", located at 256 Grand Concourse, Bronx, New York 10457.

18.     Plaintiff, Ramon Martinez Ramos, worked continuously for the Defendants between May 2009, through on or about May 15, 2022.

19.     During the course of his employment by the Defendants, Plaintiff Ramon Martinez Ramos worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of approximately eleven (11) hours on Tuesdays through Saturdays; and nine (9) hours on Sundays. Plaintiff was generally off on Mondays, although some weeks he worked seven (7) days.

20.     During the most recent six (6) years of his employment, Plaintiff Ramon Martinez Ramos was paid at a rate of six hundred eighty dollars ($680.00) per week, in cash, and worked approximately sixty-four (64) hours per week.

21.     In 2020, Plaintiff's rate of pay was increased to one hundred twenty dollars ($120.00) per day, which was seven hundred twenty dollars ($720.00) per week.

When he worked a seventh (7th) day, Plaintiff worked seventy-five (75) hours, and was paid an additional one hundred twenty dollars ($120.00), for a total of eight hundred forty dollars ($840.00).

22.      Plaintiff worked over forty (40) hours per week.

23.      Plaintiff was always paid wages in cash, in a plain white envelope.

24.      Plaintiff's work performed above forty (40) hours per week (overtime) was not paid at time and one-half the statutory minimum rate as required by state and federal law.

25.      Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

26.      Defendants knowingly operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

27.      Defendants knowingly operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff when his work hours exceeded ten (10) hours in one (1) workday, which every work day with the exception of Sundays.

28.      At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate time records.

29.      Plaintiff did not punch a time clock or otherwise document his start and end times on a contemporaneous basis.

30.     Plaintiff's employer 99 Cents Plaza did not keep track of his daily working hours.

31.     At all times relevant to this action, Plaintiff's compensation was a based on a daily salary, not an hourly rate of pay.

32.     The individual Defendant, Jian Ren Chen, owns the stock of the corporate defendant, Amazing Deal of Grand, Inc., and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

33.     The individual defendant, Jian Ren Chen, exercised control over the terms and conditions of Plaintiff's employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

34.     Defendant, Jian Ren Chen, exercised sufficient control over 99 Cents Plaza's day-to-day operations as to be considered an employer of Plaintiff under the FLSA and New York Labor Law.

35.     Plaintiff was paid "off the books", in cash and worked directly for the corporate and individual Defendants.

36.     Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, Amazing Deal of Grand, Inc. (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or

produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

37.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

40.     During the most recent three (3) years, Defendants have had gross revenues in excess of $500,000.

41.     Plaintiff was paid less than the statutory minimum wage.

42.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for all of the hours he worked.

43.     Plaintiff was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of forty (40) per week.

44.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours as provided for in the FLSA.

45.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

47.     The Defendants failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48.     Records, if any, hours worked by Plaintiff and the actual compensation paid to Plaintiff may be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

50.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

51.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

52.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

53.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54.     At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

55.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay minimum wages in the lawful amount for hours worked.

56.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at the rate of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

57.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

58.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and

disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

59.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60.     The New York State Wage Theft Prevention Act, New York Labor Law § 195(1), requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

61.     The New York State Wage Theft Prevention Act, New York Labor Law § 195(3), requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

62.     At times relevant to this action Plaintiff was paid cash, and not provided with a wage statement as required by law, New York Labor Law § 195(3).

63.     As a result of Defendant's violations of New York Labor Law § 195(1), for the period April 9, 2011 through present, Plaintiff may recover statutory penalties, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

64.     As a result of Defendant's violations of New York Labor Law § 195(3), for the period April 9, 2011 and thereafter, Plaintiff may recover statutory penalties for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thoPlazand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

65.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

(a)     A declaratory judgment that the practices complained of herein were unlawful and in violation of Plaintiff's rights under the FLSA and New York Labor Law;

(b)     An award of unpaid wages, minimum wages and overtime compensation, due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)     An award of statutory damages for failure to provide wage notices and wage statements, as well as civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation, and "spread of hours" premiums, pursuant to the New York Labor Law;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(i)      Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       June 7, 2022

                              Respectfully submitted,

                              CILENTI & COOPER, PLLC
                              **Counsel for Plaintiff**
                              200 Park Avenue – 17th Floor
                              New York, NY 10166
                              Telephone  (212) 209-3933
                              Facsimile  (212) 209-7102
                              pcooper@jcpclaw.com


       By:    _____
                              Peter Hans Cooper  (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:    Jian Ren Chen


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Ramon Martinez Ramos intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Amazing Deal of Grand, Inc. dba 99 Cents Plaza, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
        June 7, 2022


Respectfully submitted,

By:    _____
            Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Ramon Martinez Ramos_ , am an employee currently or

formerly employed by _99 Cents Plaza_ , and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York

_June 7_ , 2022